UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Chris Carrigan, Michael Venti, and Sylvain Yelle, individually and as representatives of a class of similarly situated persons, and on behalf of the Xerox Corporation Savings Plan,** <br><br> *Plaintiffs*, <br><br> v. <br><br> **Xerox Corporation, the Xerox Corporation Plan Administrator Committee, and John Does 1-30,** <br><br> *Defendants*. | Civil Action No. 3:21-cv-01085 (SVN) <br><br><br><br> **September 27, 2023** |

### ORDER ON PLAINTIFFS' MOTION
### FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Defendants Xerox Corporation and the Xerox Corporation Plan Administrator Committee in connection with the management of the Xerox Corporation Savings Plan ("Plan").

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated December 16, 2022, executed by Class Counsel and Defendants' Counsel. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection

1

with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

    1.    **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that it will likely be able to approve the proposal under Federal Rule of Civil Procedure 23(e)(2) and certify the class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B).

    A.    The Court preliminarily finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class, considering the relevant factors discussed by the Second Circuit. *See, e.g., Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023). Specifically, it preliminarily finds that the class representatives and class counsel have thus far adequately represented the class; that the proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator; that the relief provided for the class is adequate, taking into account the costs, risks, and delay or trial and appeal, the effectiveness of the proposed method of distributing relief to the class, including the method of processing class-member claims, the terms of the proposed award of attorney's fees (including Class Counsels' representation that the request for fees will be no higher than one-third of the recovery), and the proposed Settlement Agreement provided to the Court, *see* ECF No. 99-3, which is the only agreement among the parties; and that the proposal treats class members equitably relative to each other. Therefore, the Court finds, preliminarily, that the requirements of Rule 23(e)(2) have been met.

B.     The Court also preliminary finds that it will likely be able to certify a Settlement Class defined as: All participants and beneficiaries of the Xerox Corporation Savings Plan at any time from August 11, 2015, until January 1, 2021 (the date that the Plan's current recordkeeper took over the recordkeeping function), excluding any persons with responsibility for the Plan's administrative functions or expenses. The Court preliminarily finds that proposed Settlement Class is ascertainable from records kept by Defendants, and the class consists of more than 36,000 members, making it sufficiently numerous; that there are one or more questions of fact and/or law common to the class; that the claims of the named plaintiffs are typical of the claims of the class; and that the named plaintiffs will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). In addition, the Court preliminarily finds that prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants, *see* Fed. R. Civ. P. 23(b)(1)(A), or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests, *see* Fed. R. Civ. P. 23(b)(1)(B). The Court also preliminarily finds that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class. *See* Fed. R. Civ. P. 23(g). The Court preliminarily appoints Chris Carrigan, Michael Venti, and Sylvain Yelle as the class representatives for the proposed Settlement

Class and Nichols Kaster PLLP and Garrison Levin-Epstein Fitzgerald & Pirrotti PC as Class Counsel for the proposed Settlement Class.

2. **Fairness Hearing:** A hearing will be held on **February 5, 2024, at 2:00 p.m.** in Courtroom One of the United States District Court for the District of Connecticut, in Hartford, Connecticut, before the undersigned United States District Judge, to determine, among other issues:

- A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;
- B. Whether the Court should enter the Final Approval Order, and
- C. Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

3. **Settlement Administrator:** The Court approves and orders that the Settlement Administrator selected through Plaintiffs' competitive bidding process will be responsible for carrying out the responsibilities set forth in the Settlement Agreement.

- A. The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.
- B. The Settlement Administrator shall use the data provided by Defendants and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.
- C. The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in

order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

4. **Class Notice**: The Settling Parties have presented to the Court the Settlement Notices, which are the proposed forms of notice regarding the Settlement for mailing to Class Members.

    A.    The Court approves the text of the Settlement Notices and finds that the proposed forms and content therein fairly and adequately:

        i.    Summarize the claims asserted;

        ii.    Describe the terms and effect of the Settlement;

        iii.    Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

        iv.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

        v.    Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation.

    B.    Under Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members,

        and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

    C.    The Settlement Administrator shall send by first class mail the appropriate Settlement Notice to each Class Member within forty-five (45) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by the Plan's recordkeeper. The Settlement Notices shall be mailed by first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plan's recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee). The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

    D.    On or before the date that Settlement Notices are sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Settlement Notices on the Settlement Website.

    **5.**    **Preliminary Injunction:** A preliminary injunction appears appropriate under Second Circuit precedent, particularly given that the injunction would be in effect for only the limited period of time between preliminary and final approval, and would not enjoin prosecution of individual claims by class members who timely and validly exclude themselves from the Settlement. *See In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985)

(upholding injunction against state court actions to protect ability of a federal court to manage and settle a class action); *see also In re Joint Eastern and Southern Dist. Asbestos Litig.*, 134 F.R.D. 32, 37 (E.D.N.Y. 1990) ("A mandatory national class action certified pursuant to Rule 23(b)(1)(B) falls squarely within the rationale" of Second Circuit cases upholding such injunctions). Therefore, each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Plan, or the Released Parties.

6. **Objections to Settlement**: Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

7. **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the

Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

      **8.**      **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website.

      **9.**      **CAFA Notices**: The Court approves the form of the CAFA notices attached as Exhibit 5 to the Settlement Agreement and orders that upon the mailing of the CAFA notices, Defendants shall have fulfilled their obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1711, *et seq*.

      **IT IS SO ORDERED.**

Dated: September 27, 2023

                                                       HON. SARALA V. NAGALA
                                                       UNITED STATES DISTRICT JUDGE